ZOLKIN TALERICO LLP
Derrick Talerico (State Bar No. 223763)
dtalerico@ztlegal.com
David B. Zolkin (State Bar No. 155410)
dzolkin@ztlegal.com
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA  90025
Telephone: (424) 500-8551
Facsimile:  (424) 500-8951

Proposed Attorneys for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| In re:<br><br>BRONCS, INC., a California corporation, *et al.*,[1]<br><br>        Debtors and Debtors-in-Possession. | Case Nos.   8:19-bk-10941-CB<br>                  8:19-bk-10942-CB<br>                  8:19-bk-10943-CB<br><br>Chapter 11<br><br>**NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105, FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOEL CHUN AND DERRICK TALERICO IN SUPPORT THEREOF**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rules 1051-1 and 9013-1(q)]** |
|---|---|

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Broncs, Inc. ("Broncs") (5428); WesCoast Textiles, Inc. ("WCT") (8848); Codi Sheridan, Inc. ("Codi") (8928). The Debtors' mailing address is 12691 Pala Drive, Garden Grove, California 92841.

EX PARTE MOTION FOR JOINT ADMINISTRATION        1

**TO THE HONORABLE CATHERINE E. BAUER UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

 **PLEASE TAKE NOTICE** that Broncs, WCT and Codi, the debtors and debtors-in-possession (collectively, the "Debtors"), hereby move (the "Motion") ex parte for entry of an order authorizing the joint administration of the Debtors' cases (the "Cases") including: (i) the use of a single docket for administrative matters; (ii) combining notice to creditors and parties in interest; (iii) scheduling joint hearings; (iv) joint and several liability for professional fees and costs; and (v) the joint handling of other administrative matters pursuant to section 105(a) of the Bankruptcy Code, Rule 1015 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 1015-(1)(b) of the Local Bankruptcy Rules ("Local Rules").

 The Motion is based on this Notice and Motion, the Memorandum of Points and Authorities included herewith, and the attached Declarations of Joel Chun and Derrick Talerico.

 **PLEASE TAKE FURTHER NOTICE** that the Debtors request that this Motion be considered on an ex parte basis. The Debtors have determined that the most efficient and effective manner in which to administer their respective Cases is to seek an order authorizing joint administration. Joint administration of the Cases will allow the Debtors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, filings and other pleadings that would otherwise be filed in the separate Cases. Joint administration will potentially save the Debtors' estates tens of thousands of dollars in administrative fees and costs, save the Court numerous hours in setting and hearing matters, and in reviewing separate sets of virtually identical pleadings in three cases. As the Debtors are filing multiple first day motions, it is essential to seek the relief requested in this Motion on an ex parte basis in order to accomplish the goal of preserving the time and resources of the Debtors, the Court, and other parties in interest, as the alternative would be to file identical pleadings in three separate cases with hearings on each and every motion. Joint administration will also ease the burden on the Office of the United States Trustee in supervising the Cases.

1       The Debtors do not request substantive consolidation of their Cases at this time. Nothing contained in this Motion is intended to compel substantive consolidation of the assets of the Debtors' respective estates. Since the Debtors require only joint administration of the Cases, no substantive rights will be prejudiced by the relief requested herein, and no conflicts will result therefrom. Accordingly, the Debtors request that the Motion be granted.

      Pursuant to Local Rules 1015-1 and 9013-1(q), the Court may grant the Motion without notice or a hearing.

DATED: March 19, 2019          ZOLKIN TALERICO LLP

By: */s/ Derrick Talerico*
    Derrick Talerico
    David B. Zolkin

Proposed Attorneys for Debtors and Debtors-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article Ill of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B. The Debtors and the Chapter 11 Filings

On March 18, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has yet been appointed or designated in the Cases, although the Debtors anticipate that an official committee of unsecured creditors may be appointed.

The Debtors operate a fully vertical textile manufacturing business, able to process raw materials into finished garments through three phases of improvement: knitting, dyeing/finishing, and garment production. Each Debtor focuses on one segment of the manufacturing process, with Broncs on knitting, WCT on dyeing/finishing, and Codi on garment production. The Debtors' operation is seamless across these business units, creating a one-stop-shop for wholesalers and retailers looking to provide their customers with entirely "Made in the U.S.A." garments.

Broncs began knitting in 1993, with the Debtors expanding into finishing years later, and adding dyeing in 2017. Currently, the Debtors have over 175 knitting machines – including new Mayor and Cie circular knitting machines and legacy, made in the U.S.A., knitting machines acquired from Fruit of the Loom. The Debtors can knit a full range of fabrics including fleece, French terry, jersey, thermal, and more. The Debtors' dye house includes a fully automated color

laboratory with cutting edge equipment with capacity that is exceeded by only a handful of competitors in California. The Debtors partner with the finest apparel production companies in the U.S.A., Mexico, Honduras, and Vietnam to produce garments to any specification.

With a vision to create its start-to-finish operation, promoting principals of high quality, efficiency, minimal environmental impact, and American labor, the Debtors acquired assets from the American Apparel liquidation in 2017. Through that acquisition, the Debtors acquired the lease for their current knitting, dyeing, and finishing operations and ultimately *retained approximately 80 American Apparel jobs that otherwise would have left our shores for good*. The Debtors spent millions of dollars to renovate what was a dilapidated facility and ordered brand-new state-of-the-art equipment, creating a plant that is second to none. The Debtors can proudly state that no textile worker in the world could work in a safer or cleaner facility.

But building out the facility to completion took longer and cost more than projected. It was not until July of 2018 that all of the equipment that had been ordered was installed and operational. With all the desired equipment in place the Debtors were finally ready to ramp up production at the same it was burdened with new financing needed to complete the build-out, including equipment financing, factoring, and loans at unforgiving rates and terms. This timing was not propitious as the Debtors were heading into the holidays – a seasonal low-point for textile orders that runs from Thanksgiving through the Chinese New Year in February. Unable to increase utilization due to seasonality, the Debtors fell behind on their debts and ultimately were unable to bridge operations to profitability.

The Debtors are poised to ramp up operations to profitability, and plan to use the bankruptcy process to create the liquidity needed to bridge to projected success with a reorganization plan that will enable them to retain over 120 American jobs.

## II. PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

The Debtors propose the following procedure for joint administration:

(1) The use of a single docket (*In re Broncs, Inc.,* Case No. 8:19-bk-10941-CB) for administrative matters, including the filing, lodging, and docketing of pleadings and orders, and parties in interest shall be directed to use the caption attached hereto as

Exhibit "1." Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filings;

(2) The combining of notices to creditors and parties-in-interest;

(3) The joint scheduling of hearings;

(4) The joint and several liability of the estates for allowed professional fees and costs and the consolidated billing of professional fees and expenses. The Debtors will be jointly and severally liable for all of the jointly administered estates' allowed professional fees and costs;

(5) The joint handling of other administrative matters; and

(6) Notice of the joint administration of the estates will be separately filed and docketed in each of the Cases in substantially the form of the proposed notice attached as Exhibit "2" to the Motion. Creditors and parties-in-interest will be directed to Broncs' docket to locate all pleadings filed subsequent to the date on which the Court enters an order authorizing the joint administration of the Cases.

## III.     JOINT ADMINISTRATION OF THE CASES WOULD YIELD SUBSTANTIAL ADMINISTRATIVE BENEFITS

Bankruptcy Rule 1015(b) provides that joint administration may be appropriate when two or more related debtor entities have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015 provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. Proc. 1015(b). Joint administration is typical when related business entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization strategies, and when the success of one entity may depend on success of another. See 9 COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re H & S Transportation Co., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory Committee Note to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Cases present the classic situation for joint administration as numerous cords of administrative commonality connect the Debtors, militating in favor of the central administration of the Cases. Joint administration will increase the Debtors' chances of a successful reorganization as it will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each Case. It will permit each of the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the Cases. The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because creditors will not be required to review duplicative motions and other pleadings that would otherwise be filed in three separate cases. Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for a multiple nearly identical pleadings in the Cases. It will also ease the burden of the Office of the United States Trustee in supervising the Cases.

Each of the Debtors will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases. All fees and costs will be charged to the lead case and only one joint fee application need be filed by any professional. Many of the services provided by the professionals will benefit all the Debtors and it would time-consuming to allocate various services provided by the professionals among the Cases.

The rights of the Debtors' respective creditors will not be adversely affected by joint administration of the Cases. The Debtors do not propose at this point to take any action that would constitute substantive consolidation of their estates, but are merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their Cases.

By reason of the foregoing, joint administration of the Cases is in the best interests of all interested parties.

## IV. NO NOTICE AND NO HEARING IS REQUIRED

Local Rule 1015-1(b) expressly provides that the Court can order joint administration without notice and a hearing:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without further notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Accordingly, pursuant to Local Rule 1015-1(b), the Court may order the joint administration of the Cases without notice or a hearing.

## V. CONCLUSION

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies. Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy case so that the debtor-in-possession can emerge quickly and begin distributions. Both of these goals will be furthered by permitting the joint administration of the Cases as sought in this Motion.

DATED: March 19, 2019             ZOLKIN TALERICO LLP

By: */s/ Derrick Talerico*
    Derrick Talerico
    David B. Zolkin

Proposed Attorneys for Debtors and Debtors-in-Possession

8

**DECLARATION OF JOEL CHUN**

I, Joel Chun, declare as follows:

1. I am the founder, President, Chief Executive Officer and Chairman of the board of directors of each of Broncs, Inc. ("Broncs"), WesCoast Textiles, Inc. ("WCT") and Codi Sheridan, Inc. ("Codi") debtors and debtors-in-possession (collectively, the "Debtors") in affiliated chapter 11 cases (the "Cases"). In my capacity as CEO, I oversee the operations of the Debtors.

2. As a result of my role and tenure with the Debtors, my extensive day to day experience with the financial and other matters impacting the Debtors' operations, my review of relevant documents, and my discussions with other members of the Debtors' management team in the ordinary course of business, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto. I am submitting this declaration in support of the *Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion"). All terms not defined herein shall have the meanings ascribed to them in the Notice and Motion.

3. The Debtors operate a fully vertical textile manufacturing business, able to process raw materials into finished garments through three phases of improvement: knitting, dyeing/finishing, and garment production. Each Debtor focuses on one segment of the manufacturing process, with Broncs on knitting, WCT on dyeing/finishing, and Codi on garment production. The Debtors' operation is seamless across these business units, creating a one-stop-shop for wholesalers and retailers looking to provide their customers with entirely "Made in the U.S.A." garments.

4. Broncs began knitting in 1993, with the Debtors expanding into finishing years later, and adding dyeing in 2017. Currently, the Debtors have over 175 knitting machines – including new Mayor and Cie circular knitting machines and legacy, made in the U.S.A., knitting machines acquired from Fruit of the Loom. The Debtors can knit a full range of fabrics including fleece, French terry, jersey, thermal, and more. The Debtors' dye house includes a fully automated color

laboratory with cutting edge equipment with capacity that is exceeded by only a handful of competitors in California.  The Debtors partner with the finest apparel production companies in the U.S.A., Mexico, Honduras, and Vietnam to produce garments to any specification.

5. With a vision to create its start-to-finish operation, promoting principals of high quality, efficiency, minimal environmental impact, and American labor, the Debtors acquired assets from the American Apparel liquidation in 2017.  Through that acquisition, the Debtors acquired the lease for their current knitting, dyeing, and finishing operations and ultimately *retained approximately 80 American Apparel jobs that otherwise would have left our shores for good*.  The Debtors spent millions of dollars to renovate what was a dilapidated facility and ordered brand-new state-of-the-art equipment, creating a plant that is second to none.  The Debtors can proudly state that no textile worker in the world could work in a safer or cleaner facility.

6. But building out the facility to completion took longer and cost more than projected. It was not until July of 2018 that all of the equipment that had been ordered was installed and operational. With all the desired equipment in place the Debtors were finally ready to ramp up production at the same it was burdened with new financing needed to complete the build-out, including equipment financing, factoring, and loans at unforgiving rates and terms.  This timing was not propitious as the Debtors were heading into the holidays – a seasonal low-point for textile orders that runs from Thanksgiving through the Chinese New Year in February.  Unable to increase utilization due to seasonality, the Debtors fell behind on their debts and ultimately were unable to bridge operations to profitability.

7. The Debtors are poised to ramp up operations to profitability, and plan to use the bankruptcy process to create the liquidity needed to bridge to projected success with a reorganization plan that will enable them to retain over 120 American jobs.

8. Based upon the numerous cords of administrative commonality that connect the Debtors, I believe that the joint administration of the Cases will permit the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the Cases.

9. The Debtors will be jointly and severally liable for all the administrative professional

fees and expenses incurred in the Cases. All fees and costs will be charged to the lead case and only one joint fee application need be filed by any professional. Many of the services provided by the professionals will benefit all the Debtors and I believe it would time-consuming to allocate various services provided by the professionals among the Cases.

10. I do not believe that creditors will be adversely affected by joint administration of the Cases. The Debtors are not proposing at this time to take any action that would constitute substantive consolidation of their estates, but only seek authorization for procedural measures that will simplify and facilitate the efficient administration of their estates.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of March 2019, at Garden Grove, California.



Joel Chun

# DECLARATION OF DERRICK TALERICO

I, Derrick Talerico, declare as follows:

1. I am an attorney at law, admitted to practice in all the courts of the State of California and in the United States District Court for the Central District of California. I am partner in the law firm of Zolkin Talerico LLP, proposed bankruptcy counsel to each of Broncs, Inc., WesCoast Textiles, Inc. and Codi Sheridan, Inc., debtors and debtors-in-possession (collectively, the "Debtors"). The facts set forth herein are based upon my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. I submit this Declaration in support of the *Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion") of each of the Debtors. All terms not defined herein shall have the meanings ascribed to them in the Notice and Motion.

3. The Debtors propose that all pleadings related to the Cases shall contain a joint caption in substantially the form attached hereto as Exhibit "1," and that all such pleadings shall be filed and maintained under the existing docket of the lead case, *In re Broncs, Inc*.

4. A notice substantially similar to that attached hereto as Exhibit "2" and incorporated herein by reference will be sent to all creditors and will be filed in each of the Cases, upon entry of the joint administration order by the Court.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March 2019, at Los Angeles, CA.

                                Derrick Talerico

**EXHIBIT 1**

ZOLKIN TALERICO LLP
Derrick Talerico (State Bar No. 223763)
dtalerico@ztlegal.com
David B. Zolkin (State Bar No. 155410)
dzolkin@ztlegal.com
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA  90025
Telephone: (424) 500-8551
Facsimile:  (424) 500-8951

[Proposed] Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>BRONCS, INC., a California corporation, *et al.*,[2]<br><br>　　　　Debtors and Debtors-in-Possession. | Case No.    8:19-bk-10941-CB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:19-bk-10942-CB; and 8:19-bk-10943-CB)<br><br>[**CAPTION**]<br><br><br>[Affects [Debtor]] |

---

[2] The last four digits of the Debtors' federal tax identification numbers are as follows: Broncs, Inc. ("Broncs") (5428); WesCoast Textiles, Inc. ("WCT") (8848); Codi Sheridan, Inc. ("Codi") (8928). The Debtors' mailing address is 12691 Pala Drive, Garden Grove, California 92841.

13

**EXHIBIT 2**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ZOLKIN TALERICO LLP<br>Derrick Talerico (State Bar No. 223763)<br>dtalerico@ztlegal.com<br>David B. Zolkin (State Bar No. 155410)<br>dzolkin@ztlegal.com<br>12121 Wilshire Blvd., Suite 1120<br>Los Angeles, CA  90025<br>Telephone: (424) 500-8551<br>Facsimile:  (424) 500-8951<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors and Debtors-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  Santa Ana Division**

| In re: BRONCS, INC., a California corporation,<br><br>                                                       Debtor(s)<br>------------------------------------------------------------------<br>In re: WESCOAST, TEXTILES, INC., a California corporation;<br>CODI SHERIDAN, INC., a California corporation<br><br>                                                       Debtor(s) | LEAD CASE NO.: 8:19-bk-10941-CB<br>CHAPTER:  11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.:  8:19-bk-10942-CB<br>CASE NO.:  8:19-bk-10943-CB<br>CASE NO.:<br>CASE NO.:<br>CASE NO.:<br>☐ See attached for additional Case Numbers |
|---|---|
| ☒ Affects All Debtors<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ See attached for additional Debtors<br><br>                                                       Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) 03/19/2019   granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*　　　　　　　　　　　　　　　　Page 1　　　　　　　　　　　　**F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: _____    By: _____
                        Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*    Page 2    **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12121 Wilshire Boulevard, Suite 1120, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. §105, FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOEL CHUN AND DERRICK TELRICO IN SUPPORT THEREOF**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 19, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee's Office: ustpregion16.sa.ecf@usdoj.gov; Frank Cadigan: frank.cadigan@usdoj.gov
Proposed Attorneys for Debtors: Derrick Talerico: dtalerico@ztlegal.com; maraki@ztlegal.com; sfritz@ztlegal.com
Other Professional: Donlin Recano & Co, Inc.: enotices@donlinrecano.com; rmapa@donlinrecano.com
Creditor Liberty Property Limited Partnership: Christopher J. Petersen: cjpetersen@blankrome.com; gsolis@blankrome.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 19, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Catherine E. Bauer     Via Personal Delivery
United States Bankruptcy Court
411 W Fourth Street Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2019 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**